UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 2:19-cv-00769 |
| James K. Lee, | ) ) ) |
| Defendant. | ) ) |

### Defendant's Answer to Plaintiff's Complaint

Defendant answers Plaintiff's Complaint as follows:

1. This is a civil action to reduce the judgment of unpaid federal penalty assessments against James K. Lee under 31 U.S.C. § 5321 for his failure to report his interest in or signature authority over foreign financial accounts for 2009, 2010, and 2011.

**ANSWER**: Defendant admits that Plaintiff so purports to proceed.

2. The United States brings this action under 31 U.S.C. § 3711(g)(4)(C) and 31 U.S.C. § 5321(b)(2), with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General.

**ANSWER**: Defendant admits only that Plaintiff purports to proceed under the identified statutes and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Jurisdiction over this action is conferred upon the district court by 28 U.S.C. §§ 1331, 1345, and 1355(a).

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Venue in this district is proper under 28 U.S.C. §§ 1391(b), 1395(a).

**ANSWER**: Defendant does not contest venue.

5. Lee resides in Milwaukee, Wisconsin, within this judicial district.

**ANSWER**: Defendant admits the allegations in paragraph 5.

6. Lee is a U.S. citizen and was a U.S. citizen during the penalty years at issue.

**ANSWER**: Defendant admits the allegations in paragraph 6.

7. Lee was born in Milwaukee, Wisconsin.

**ANSWER**: Defendant admits the allegations in paragraph 7.

8. Lee attended Cornell University and received a Bachelor of Science degree in Aerospace Engineering and Masters in Materials Science Engineering.

**ANSWER**: Defendant admits the allegations in Paragraph 8.

9. Lee has decades of experience in the Asian financial markets as an options trader.

**ANSWER**: Defendant admits the allegations in paragraph 9.

10. Lee also has significant familia and financial connections to South Korea, where he has owned and managed companies trading in the financial markets.

**ANSWER**: Defendant denies the allegations in paragraph 10; and further answering, states that the word "significant" is ambiguous and argumentative.

11. Lee worked and resided in South Korea from 2005 to 2012.

**ANSWER**: Defendant admits the allegations in paragraph 11.

12. As part of his business ventures in multiple countries in Asia, Lee opened and maintained at least 27 bank accounts in Hong Kong, Singapore, and South Korea from 2004 to 2011.

**ANSWER**: Defendant admits that bank accounts were maintained in some or all of these companies, but denies as to the exact number and timing.

13. Lee opened these bank accounts in part to facilitate payments by his customers in local currency.

**ANSWER**: Defendant admits the allegations in paragraph 13.

14. From 2009 to 2011, Lee had a financial interest in or signature authority over at least 27 foreign bank accounts at Shin Han Bank, Korean Exchange Bank, Shin Han Investment Corp., Hang Sen Bank, and Hana Bank and Lending Services.

**ANSWER**: Defendant denies the allegations in paragraph 14.

15. From 2009 to 2011, the highest aggregate balance in Lee's foreign bank accounts were $3,410,430 for 2009; $2,080,962 for 2010; and $1,726,081 for 2011.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Lee was required to report his interest in a foreign bank, securities, or other financial account to the United States by submitting, by June 30th of each year, a form known as the TD F 90.22-1, Report of Foreign Bank and Financial Accounts ("FBAR"). 31 U.S.C. § 5314(a); 31 C.F.R. § 1010.350(a).

**ANSWER**: Defendant is without sufficient knowledge or information to form a belief sufficient as to the truth of the allegations in paragraph 16, which states a legal conclusion regarding the application of statute to Defendant.

17. From 2004 to 2007, Lee failed to file any FBARs reporting his interest in his foreign bank accounts.

**ANSWER**: Defendant admits the allegations in paragraph 17; further answering, however, that this answer is not intended to concede any requirement to file any FBAR in that period.

18. From 2007 to 2011, Lee timely filed FBARs reporting his interest in a small number of his foreign bank accounts (7 of the 27 foreign accounts)

**ANSWER**: Defendant admits only that FBARs were timely filed in the stated period.

19. From 2007 to 2011, Lee failed to file FBARs reporting his interest in the majority of his foreign bank accounts (20 of the 27 foreign accounts).

**ANSWER**: Defendant admits only that FBARs were not filed for all foreign bank accounts, but denies as to the exact number and as to whether FBARs were required to be filed.

20. On his IRS Forms 1040 for 2009, 2010, and 2011, Lee reported certain of his foreign bank accounts but not the majority of the accounts.

**ANSWER**: Defendant denies the allegations in paragraph 20.

21. According to Lee's former accountant, Lee provided incomplete information to him regarding his interest in the 27 foreign bank accounts.

**ANSWER**: Defendant is without sufficient knowledge or information to form a belief sufficient as to the truth of the allegations in paragraph 21.

22. Lee also failed to provide accurate information to his accountant regarding his foreign income while living in South Korea.

**ANSWER**: Defendant denies the allegations in paragraph 22.

23. From 2004 to 2011, Lee failed to report $3,595,421 in foreign earned income from his foreign entities and foreign bank accounts, resulting in additional tax due of $733,647.

**ANSWER**: Defendant denies the allegations in paragraph 23.

24. Lee signed his federal income tax returns from 2004 to 2001 under penalty of perjury, but did not complete Schedule B of those returns requiring him to fully and completely disclose all of his foreign accounts by timely filing FBARs.

DocID: 4827-4861-1234.2

4

Case 2:19-cv-00769-LA   Filed 08/26/19   Page 4 of 6   Document 4

**ANSWER**: Defendant admits only that he signed his federal income tax returns for the periods at issue and denies the allegations in paragraph 24.

25. Lee's failure to submit the FBAR by June 30th of each calendar year was willful.

**ANSWER**: Defendant denies the allegations in paragraph 25.

26. On May 25, 2017, a delegate of the Secretary of the Treasury timely made an assessment under 31 U.S.C. § 5321 against Lee for his willful failure to submit FBARs for the foreign accounts above for the years ending 2009, 2010, and 2011. A delegate of the Secretary of the Treasury also assessed a late-payment penalty under 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a), plus interest.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26; defendant is unaware of whether proper assessments were made by Plaintiff or whether such assessments were timely.

27. The IRS sent Lee notice of the FBAR Penalty and related assessments and demand for payment on or about the date of assessment.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27; Defendant admits notices were received but is unaware of whether an assessment was in fact made.

28. Despite notice and demand, Lee failed to pay the FBAR Penalty assessed against him. In addition to the principal amount of the assessment described above, Lee is liable for a late-payment penalty under 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a), and interest accruing pursuant to law.

**ANSWER**: Defendant admits that he did not pay the FBAR penalty and denies the remaining allegations in paragraph 28.

29. The amount due with respect to the assessment described above is, as of May 18, 2018, $1,056,791. The amount due for the late-payment penalty as of that date is $59,060,62, and the interest owing was $10,336.28. The United States is entitled to judgment in its favor and against Lee for these amounts, plus statutory additions including interest according to law.

**ANSWER**:   Defendant denies the allegations in paragraph 29.

### Relief Requested

WHEREFORE, Defendant respectfully requests that this Court enter a Judgment and Order denying all relief sought in the Complaint, dismissing the Complaint with prejudice, and granting any such further relief as the Court deems just.

DATED:

/s/ Robert M. Romashko
Robert Romashko
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606-3912
Direct: 312.662.4665
Fax: 312.655.1501
Email: Robert.Romashko@huschblackwell.com

*Attorney for James K. Lee*